**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| COREY POLLARD, *et al.*, | ) CASE NO. 4:20-cv-01868 |
| Plaintiffs, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| WARDEN MICHAEL PHILLIPS, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

This matter is before the Court upon a Motion to Dismiss Plaintiffs' Complaint filed by Defendant Warden Michael Phillips (Defendant or Phillips) (R. 97), and Plaintiff Omari Patton's Motions for Appointment of Counsel (R. 99) and Requesting a Hearing by Video Pursuant to the Motion for Appointment of Counsel (R. 109). For the following reasons, the Court GRANTS Defendant's Motion to Dismiss and DENIES Patton's Motions for Appointment of Counsel and Hearing.

**I. Procedural and Factual Background**

In August 2020, Omari Patton (Patton), Giovani Marrero (Marrero), and Tyrone Vickers (Vickers) (collectively, Plaintiffs) were federal detainees in the custody of the United States Marshals Service in the Northeast Ohio Correctional Center (NEOCC). (R. 1, PageID# 5 ¶¶ 4–

6). Defendant is the Warden at the NEOCC. (*Id.*, PageID# 6 ¶ 12). The NEOCC is a private prison facility owned and operated by CoreCivic, Inc. (CoreCivic) and located in Youngstown, Ohio. (R. 97, PageID# 447).

On August 21, 2020, the Court received a *pro se* Complaint from nine plaintiffs (Initial Plaintiffs), including Patton, Marrero, and Vickers, alleging that Phillips, in his official and individual capacities, had failed to provide Initial Plaintiffs adequate protection from COVID-19 at the NEOCC in violation of Initial Plaintiffs' rights under the Eighth Amendment of the United States Constitution. (R. 1, PageID# 7, 9–16, 18 ¶¶ 13, 28–60). Specifically, Initial Plaintiffs alleged that Phillips failed to implement proper protections to prevent the spread of COVID-19 and that the NEOCC was unprepared to treat individuals who contracted COVID-19. (*See, e.g.*, *id.*, PageID# 11 ¶ 42 (failure to disinfect cell); *id.*, PageID# 12 ¶¶ 43–47 (failure to implement social distancing measures); *id.*, PageID# 14 ¶ 48 (failure to provide soap and hand sanitizer); *id.*, PageID# 15–16 ¶¶ 55–60 (facility unprepared to treat COVID-19 patients)). Initial Plaintiffs sought certification of a class, injunctive relief, a declaratory judgment, and damages. (*Id.*, PageID# 16–17).

Judge Benita Pearson, the previously assigned District Judge, issued orders that dismissed Initial Plaintiffs' class action allegations and requests for relief (R. 37, PageID# 237–238) and two petitions for writs of habeas corpus (R. 16, PageID# 70–71; R. 53, PageID# 290). In addition, Judge Pearson denied Plaintiffs' two motions for default judgment. (R. 85, PageID# 394).

The only remaining plaintiffs in this action are Patton, Vickers, and Marrero. (R. 54, PageID# 295–296; R. 79, PageID# 375). On December 7, 2020, Judge Pearson denied Plaintiffs' request to join CoreCivic and the U.S. Marshals Service as defendants and terminated both

entities on the docket. (R. 37, PageID# 238). As a result, Phillips is the only defendant in this action. On November 1, 2021, Judge Pearson instructed Patton to not sign court filings for Marrero and Vickers, and ordered that each *pro se* plaintiff must sign court filings on their own behalf. (R. 96, PageID# 444).

Phillips filed a Motion to Dismiss Plaintiffs' Complaint, on November 4, 2021, arguing that Plaintiffs could not legally pursue their alleged *Bivens* claims; and, further that their claims were moot because they were no longer housed at the NEOCC. (R. 97). Marrero and Vickers have not opposed Phillips's motion or requested an extension of time to do so. Although Patton filed a Response to the Motion to Dismiss, he did not address Phillips's legal arguments. (R. 98). On November 30, 2021, Phillips filed a reply brief in support of his Motion to Dismiss. (R. 100).

In addition, Patton filed a Motion for Appointment of Counsel on November 18, 2021. (R. 99). Defendant opposes the motion and Patton has filed a reply. (R. 101; R. 102).[1] Patton also filed a Motion Requesting a Hearing by Video on April 15, 2022. (R. 109).

None of the Plaintiffs is detained at the NEOCC.[2]

## II. Motion to Dismiss

### A. Fed. R. Civ. P. 12(b)(6) Standard

When ruling upon a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), a court must accept as true all the factual allegations contained in the complaint and construe the

---

[1] This action was reassigned to the undersigned on February 22, 2022.
[2] The Court notes that Patton filed a Notice of Change of Address on July 5, 2022, indicating he was transferred back to the NEOCC. (R. 111). According to the Federal Bureau of Prisons' (BOP) online inmate search function, however, Patton is "not in BOP custody," and Marrero has been released. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 22, 2022). There are no search results for Vickers indicating he appears not to be in the BOP's custody. *Id*.

3

complaint in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept a conclusion of law as true. The governing standard is further set forth as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, L.Ed. 2d 929.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L.Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### B. Analysis

When a plaintiff fails to respond in an opposition brief to arguments in a defendant's motion to dismiss, the "plaintiff has waived his opposition to dismissal of the

4

claim." *Durham v. Niffenegger*, 2019 WL 1050018, at *8 (S.D. Ohio Mar. 5, 2019) (*citing Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008)). It is also "well established" that the Court has the authority to grant a motion to dismiss because it is unopposed, as a failure to respond to the motion may be treated "as a confession to" its merit. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005) (*citing Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000)); *see also Brown v. Panther Premium Logistics, Inc.*, 2017 WL 6502822, at *1 (N.D. Ohio Sept. 12, 2017) (Gaughan, C.J.) ("This Court may interpret the absence of a response to a motion to dismiss as a waiver of opposition.").

Phillips's Motion to Dismiss Plaintiffs' Complaint argues that Plaintiffs' alleged *Bivens* claims are not actionable; and, further argues that their claims are moot because they are no longer housed at the NEOCC. (R. 97). Marrero and Vickers have not filed any response to Phillips's motion to dismiss, and Patton's Response fails to provide any opposition to Phillips's legal arguments moving the Court to dismiss Plaintiffs' Complaint. (R. 98, PageID# 456–457). Rather, Patton's Response merely notes the Plaintiffs "are in different institutions" and unable to jointly respond to the motion. (*Id.*). Because no Plaintiff has opposed the motion to dismiss, all Plaintiffs have waived their arguments in opposition to Phillips's motion, and the Court orders dismissal of the Complaint.

Moreover, when considering the merits of Defendant's motion, the Court finds Plaintiffs' Complaint must be dismissed. At the outset, the Court construes Plaintiffs' Eighth Amendment allegations as attempting to allege *Bivens* claims. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.

5

Ed. 2d 619 (1971). A *Bivens* claim is a "private right of action . . . against federal officers who are alleged to have violated a citizen's constitutional rights." *Marte v. Pugh*, 2012 WL 3075894, at *5 (N.D. Ohio July 30, 2012) (*citing Bivens*, 403 U.S. at 388).

Plaintiffs' *Bivens* claims against Phillips in his official capacity fail, however. An official-capacity claim against Phillips is the same as a claim against CoreCivic, the entity for which Phillips is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 87 L Ed. 2d 114 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (*quoting Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 611 (1978))). Because the previous district court judge terminated CoreCivic as a defendant in this action, an official-capacity claim against Phillips cannot move forward. Additionally, it is well established that *Bivens* claims do not extend to allow recovery against a private entity, such as CoreCivic. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001).

Plaintiffs' claims against Phillips in his individual capacity are also unsuccessful. The Supreme Court has held that courts cannot "imply the existence of an Eighth Amendment-based damages action (a *Bivens* action) against employees of a privately operated federal prison" because such a claim "focuses upon a kind of conduct that typically falls within the scope of traditional state tort law." *Minneci v. Pollard*, 565 U.S. 118, 120, 125–26, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012); *see also Ayon v. Ne. Ohio Corr. Ctr.*, 478 F. App'x 999, 1000 (6th Cir. 2012) (per curiam) (holding that there was no *Bivens* remedy against the Warden of the NEOCC "because state tort remedies [were] available"). Separately, Plaintiffs' claims for injunctive and declaratory relief are mooted

6

because Patton, Vickers, and Marrero are no longer detained at the NEOCC. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]ny declaratory or injunctive relief that [plaintiff] seeks stemming from his complaint has been mooted by his transfer to a different prison facility."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent [plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that [violated his constitutional rights].").

For the foregoing reasons, the Court grants Phillips's Motion to Dismiss.

### III. Motions for Appointment of Counsel and Hearing

"Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (internal quotations and citations omitted) (*quoting Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). To determine whether "exceptional circumstances" exist, courts should consider "the type of case and the abilities of the plaintiff to represent himself." *Id*. (*quoting Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). This generally involves a determination of the "complexity of the factual and legal issues involved." *Id.* at 606 (*quoting Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

In his Motion for Appointment of Counsel, Patton argues that the Court should appoint counsel to Plaintiffs because Patton, Vickers, and Marrero are all detained separately, and it is "impractical" for Plaintiffs to comply with the Court's order that Plaintiffs each sign filings on their own behalf. (R. 99, PageID# 459). But Plaintiffs' physical location is not a factor contemplated by the Sixth Circuit in the determination of "exceptional circumstances" for the appointment of counsel; nor has Patton shown that he

7

is unable to pursue his individual claims on his own behalf. The Court concludes that due to Patton's ability to represent himself—evident by Patton's various filings in this action and his efforts to represent other individuals—that he has not shown "exceptional circumstances" present here. As a result, the Court denies Patton's Motion for Appointment of Counsel. The Court also denies Patton's Motion Requesting a Hearing by Video Pursuant to the Motion for Appointment of Counsel because a hearing is not necessary for the Court's decision on the Motion for Appointment of Counsel.

### IV. Conclusion

Defendant's Motion to Dismiss (R. 97) is hereby GRANTED. Patton's Motion for Appointment of Counsel (R. 99) and Motion Requesting a Hearing by Video (R. 109) are hereby DENIED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 2, 2022